# EXHIBIT A

Case 2:22-cv-04837-MEMF-JC Document 1-2 Filed 07/14/22 Page 2 of 15 Page ID #:12
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Daniel Crowley
Electronically FILED by Superior Court of California, County of Los Angeles on 06/08/2022 01:56 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Castillejo,Deputy Clerk
22STCV18791

Christopher B. Dolan (SBN 165358)
Aimee E. Kirby (SBN 216909)
Cristina Garcia (SBN 308161)
Nancy Avila Villatoro (SBN 340891)
**DOLAN LAW FIRM, PC**
1438 Market Street
San Francisco, California 94102
Telephone: (415) 421-2800
Facsimile: (415) 421-2830

Attorneys for Plaintiff,
S.M.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

## UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| S.M., an individual,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, JUSTIN DIEZ, in his official capacity, ALEX VILLANUEVA, in his official capacity, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 22STCV18791<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Civil Rights Violations (42 U.S.C. § 1983)**<br>2. **Assault and Battery**<br>3. **Negligence**<br>4. **Violation of Civil Rights (Bane Act, Civ. Code § 52.1)**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, S.M., by and through her attorneys, The Dolan Law Firm, PC, who allege on information and belief as follows:

### JURISDICTION AND VENUE

1. This Court has personal jurisdiction over the Defendants because they are residents of and/or are doing business in the State of California.

-1-



COMPLAINT FOR DAMAGES

EXHIBIT A
6

2. Venue in this action is proper in the County of Los Angeles based upon the fact that Defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, and DOES 1 to 50, are located and operate in said County and the subject injury suffered by Plaintiff occurred within the County of Los Angeles. This Court has jurisdiction under *California Code of Civil Procedure* sections 395(a), and 410.10.

3. The subject matter of this Complaint is properly heard by this Court, as the amount in controversy as set forth in this Complaint exceeds the statutory minimum.

## INTRODUCTION

4. This action seeks to establish the true and unequivocal facts surrounding the humiliating and egregious sexual assault and/or battery of S.M. by Deputy Officers, DOES 1 to 50, of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT assigned to Santa Clarita Valley Sheriff's Station, true name and identities unknown, and to establish the violations of fundamental rights under the United States Constitution in connection with the sexual assault and/or battery on S.M. on September 1, 2021.

5. On September 1, 2021, S.M. was a bright and driven 44-year-old Los Angeles County Department of Public Social Services employee, who was dedicated to bettering her life and the life of her family. The sexual assault and/or battery caused serious and permanent emotional and psychological injuries to S.M. and has continued to torment her everyday life.

6. On September 1, 2021, the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT Deputy Officers, DOES 1 to 50 responded to a noise complaint at Plaintiff's residence. During this encounter, Plaintiff was sexually battered when in the course and scope of his employment with the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT a Deputy Officer, DOES 1 to 50, intentionally touched Plaintiff's buttocks. Plaintiff later experience severe vaginal pain and upon information and belief alleges she was sexually assaulted by such Deputy Officer, DOES 1 to 50. She discovered semen in her panties after this encounter.

## PARTIES

7. Plaintiff S.M. (hereafter "Plaintiff"), identified through her initials, is a resident of Los Angeles County, California.



8. Defendant COUNTY OF LOS ANGELES (hereinafter "COUNTY") is and was at all times relevant hereto, a public entity, duly organized and existing under and by virtue of the laws of the State of California.

9. Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter "LASD") is and was, at all times relevant hereto, a subdivision of Defendant COUNTY.

10. Defendant Captain JUSTIN DIEZ in his official capacity as Captain the Santa Clarita Valley Sheriff's Station (hereinafter "SCVSS") is ultimately responsible for the operations of SCVSS.

11. Defendant Sheriff ALEX VILLANUEVA in his official capacity as Sheriff is ultimately responsible for the operations of Defendant LASD.

12. Sheriff Deputy Officers, DOES 1 to 50, true names and capacities unknown, at all relevant times mentioned in this Complaint are believed to be police officers/deputies employed by LASD at the Santa Clarita Valley Sheriff's Station.

13. Defendants DOES 1 through 50, inclusive, at all times relevant hereto, are police officers/deputies employed by LASD and residents of the County of Los Angeles, and at all times mentioned herein were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendants COUNTY and LASD.

14. Defendants DOES 1 through 50, inclusive, at all times relevant hereto, were residents of the County of Los Angeles were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendants COUNTY and LASD and under the statutes, regulations, policies of the State of California. Said Defendants were acting within their capacity as employees, agents, representatives and/or servants of Defendants COUNTY and LASD.

15. Defendants DOES 1 through 50, inclusive, at all times relevant hereto, as duly sworn peace officers, were specifically authorized by Defendant COUNTY and its police department, the LASD and SCVSS, to perform the duties and responsibilities of sworn police officers of the COUNTY, and all acts hereinafter complained of were performed by each of them

within the course and scope of their duties as police officers and/or deputies for Defendant COUNTY and as officials for Defendant COUNTY and its police department, the LASD.

16. Defendants DOES 1 through 50 are also sued herein in their individual capacity and in their official capacity as peace officers of Defendant COUNTY and its police department, the LASD and SCVSS. Defendant COUNTY and LASD encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the acts and omissions complained of herein.

17. The true names and capacities of Defendants, whether a public entity, corporation, agent, individual or otherwise, identified as DOES 1 through 50, inclusive, are unknown to Plaintiff at this time, and therefore, they sue said Defendants pursuant to *California Code of Civil Procedure* section 474. Plaintiff will amend this Complaint to identify the true names and capacities of the DOE Defendants when they have been determined. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named Defendants.

18. Defendants DOES 1 through 50 were also duly appointed officers trainers, supervisors, sergeants, lieutenants, detectives, or other officers, officials, executives and/or policy makers of Defendants COUNTY and LASD.

19. Based on information and belief, at all relevant times mentioned herein, Defendants COUNTY, LASD, JUSTIN DIEZ, ALEX VILLANUEVA, and DOES 1 through 50 were employees, parents, subsidiaries, agents, alter egos, and affiliates of each other. On information and belief, these Defendants acted as co-conspirators, aiders-and-abettors, and participants in the wrongs alleged in this lawsuit.

20. Plaintiff is informed and believes and thereon alleges that each Defendant is, and all times mentioned was the agent, employee, or representative of COUNTY, LASD and DOES 1 through 50. Each Defendant, in doing the acts, or in omitting to act, as alleged in this Complaint was acting within the scope of his or her actual or apparent authority, and/or their conduct was ratified and adopted by the other Defendants.

**FACTS COMMON TO ALL CAUSES OF ACTION**

21. Plaintiff alleges and incorporates paragraphs 1 through 20 as if fully set forth herein.

22. Plaintiff was born on December 31, 1976. On the date of the underlying incident, she was a 44 years old.

23. On September 1, 2021, at approximately 7:00 p.m. Plaintiff was at home when two Sheriff Deputy Officers, DOES 1 through 50, responded to a noise complaint. Plaintiff was intoxicated in her upstairs bedroom and wrapped in a towel. DOES 1 through 50 forced Plaintiff to change naked in front of him and grabbed Plaintiff's buttocks in front of Plaintiff's 12-year-old son. DOES 1 through 50 proceeded to handcuff plaintiff and drag Plaintiff down the stairs.

24. Plaintiff was eventually transported to Henry Mayo Newhall Hospital and upon regaining conscious she experience severe vaginal pain as if something have been forcefully shoved into Plaintiff's vagina. Plaintiff, upon information and belief, alleges she was sexually assaulted by the Sheriff Deputy Officer, DOES 1 through 50.

25. Defendant, Sheriff Deputy Officer, DOES 1 through 50 partook in said egregious sexual assault and/or battery of Plaintiff's person, depriving Plaintiff of her personal liberties and causing great fear, shock, humiliation and physical and psychological trauma to Plaintiff.

**FIRST CAUSE OF ACTION**

**VIOLATION OF PLAINTIFF'S PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS; VIOLATION OF PLAINTIFF'S RIGHTS AGAINST UNREASONABLE SEARCHES AND SEIZURES 42 U.S.C. § 1983**

**(Against All Defendants)**

26. Plaintiff re-alleges and incorporates paragraphs 1 through 25 as if fully set forth herein.

27. This first claim for relief is brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution for violation of Plaintiff's procedural and substantive due process rights and the right of Plaintiff to be free from unreasonable searches and seizures.



Case 2:22-cv-04837-MEMF-JC Document 1-2 Filed 07/14/22 Page 7 of 15 Page ID #:17

28. On September 1, 2021, Plaintiff possessed the rights, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to procedural and substantive due process and to be free from unreasonable searches and seizures.

29. Defendants, and each of them, entered Plaintiff's home and sexually assaulted and/or battered Plaintiff by touching her buttocks in front of Plaintiff and sexually assaulting and/or battering her while in the state of intoxication violating her rights under the Fourth and Fourteenth Amendments of the United States Constitution.

30. Defendants, and each of them, subjected Plaintiff to the aforementioned deprivations by either actual malice or deliberate indifference and disregard of Plaintiff's civil rights.

31. But for the conscious and deliberate actions and omissions of Defendants, and each of them, Plaintiff would not have been injured, and Plaintiff would not have been wrongfully seized and detained.

32. The violation of Plaintiff's Fourth and Fourteenth Amendment rights occurred pursuant to a policy, custom, or practice, maintained by the COUNTY of subjecting members of the public, particularly females while in LASD custody, to unreasonable searches and seizures in violation of the Fourth and Fourteenth Amendment to the United States Constitution.

33. The acts perpetrated by Defendants, and each of them, violated all standards of common decency and constituted a violation of Plaintiff's substantive due process rights under the Fourteenth Amendment to the United States Constitution.

34. Defendants, and each of the Defendants, conduct violated clearly established constitutional or other rights, of which Defendants knew, or, of which reasonable public officials should have known, rendering Defendants liable to Plaintiff under 42 U.S.C. § 1983.

35. As a direct and proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff was deprived of her personal liberties and made to suffer great fear, shock, humiliation, and physical and psychological trauma.

36. The actions of Defendants, and each of them, in sexually assaulting and/or battering Plaintiff, as described herein, were done intentionally and with the deliberate indifference



1 to the pain and suffering such conduct would cause Plaintiff. As such, Defendants, and each of the Defendants conduct was so odious and despicable that punitive and exemplary damages should be imposed against each of them.

37. Accordingly, Defendants, and each of them, are liable for Plaintiff for compensatory damages pursuant to 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION

## ASSAULT & BATTERY

## (Against All Defendants)

38. Plaintiff re-alleges and incorporates paragraphs 1 through 37 as if fully set forth herein.

39. On September 1, 2021, DOES 1 through 50 sexually assaulted and/or battered Plaintiff within the course and scope of his employment as a law enforcement officer. DOES 1 through 50 was wearing his uniform, wearing a badge, carrying a gun and driving an official patrol vehicle at the time of the sexual assault and/or battery.

40. Pursuant to *Mary M. v. City of Los Angeles* (1991) 54 Cal. 3d 202, Defendants and each of them, including the COUNTY, the LASD, JUSTIN DIEZ, ALEX VILLANUEVA and DOES 1 through 50, as the employers, supervisors, and persons and entities that oversaw, retained and supervised DOES 1 through 50, are vicariously liable for the torts, including intentional torts, committed by DOES 1 through 50 against Plaintiff because DOES 1 through 50 were acting within the course and scope of his employment at the time he sexually assaulted and/or battered Plaintiff while wearing his official uniform, wearing a badge, carrying a gun and driving an official patrol vehicle.

41. On the date referenced herein, DOES 1 through 50 took advantage of his position of authority and trust to engage in unlawful sexual acts and other harmful misconduct with Plaintiff. DOES 1 through 50 was acting within the course and scope of his employment and/or agency with the COUNTY and the LASD when he engaged in the sexual assault and/or battery of the Plaintiff on the date and time set forth herein. All Defendants, therefore, are vicariously liable for DOES 1 through 50's sexual assault and/or battery of Plaintiff under principles of *respondeat superior*.

42. As a direct and legal result of all Defendants aforementioned acts, Plaintiff has suffered great physical pain, mental pain and suffering, emotional distress, past and future costs of medical care and treatment, past and future loss of earnings and/or earning capacity, and other economic and non-economic damages in an amount not yet ascertained.

43. DOES 1 through 50's acts further constituted malice and oppression as defined in *Civil Code* section 3294, which entitles Plaintiff to recover punitive damage against him.

**THIRD CAUSE OF ACTION**

**NEGLIGENCE**

**[California *Government Code* Sections 815.2 and 820]**

**(Against Defendant County of Los Angeles, Los Angeles County Sheriff Department and DOES 1 through 50)**

44. Plaintiff re-alleges and incorporates paragraphs 1 through 43 as if fully set forth herein.

45. Plaintiff is informed and believes, and based thereon alleges, that at the time of the incident alleged herein the COUNTY, the LASD and DOES 1 through 50, hired, supervised, and retained employee DOES 1 through 50.

46. Plaintiff is informed and believes, and based thereon alleges, that prior to the sexual assault and/or sexual battery against Plaintiff, the date that Plaintiff came into contact with DOES 1 through 50, Defendants the COUNTY, the LASD and DOES 1 through 50, knew or, in the exercise of reasonable diligence, should have known, that DOES 1 through 50 were reasonably likely to threaten or injure persons with whom DOES 1 through 50 were expected to come into contact. Defendants the COUNTY, the LASD, and DOES 1 through 50, also knew or should have known of Defendant DOES 1 through 50's propensity to engage in, and history of engaging in, sexual misconduct, sexual assault and sexual harassment of civilians. Defendants the COUNTY, LASD, and DOES 1 through 50 had prior notice that Defendant DOES 1 through 50 was unfit for the position and were prone to commit an abuse of their authority and/or a sexual assault, sexual harassment and/or sexual misconduct upon a civilian. Yet, Defendants the COUNTY, the LASD,



1 and DOES 1 through 50 did not take any preventative or remedial measures to guard against the
2 conduct of Defendant DOES 1 through 50 as set forth herein.

3   47. In fact, Defendants the COUNTY, the LASD, and DOES 1 through 50, are informed and believe, and based thereon allege, that on or before the sexual assault and/or battery of Plaintiff, Defendants the COUNTY, the LASD, and DOES 1 through 50, failed to properly supervise and train Defendant DOES 1 through 50 and failed to have processes and procedures in place which would ensure that its employees, such as Defendant DOES 1 through 50, would not sexually assault and/or batter persons and engage in sexual harassment and sexual misconduct towards members of the public with whom they were expected to come into contact with. Moreover, Defendants the COUNTY, the LASD, and DOES 1 through 50, had informally adopted policies, practices and procedures which would allow officers, including Defendant DOES 1 through 50 to engage in sexual misconduct and sexual assault of civilians which allowed Defendant DOES 1 through 50 and other law enforcement officers to believe they could act with impunity.

  48. Defendants the COUNTY, the LASD, and DOES 1 through 50's negligent hiring, retention, and failure to properly train and supervise Defendant DOES 1 through 50 directly caused injury to Plaintiff when Defendant DOES 1 through 50 sexually assaulted and/or battered Plaintiff.

  49. *Government Code* sections 815.2 and 820 provide that a public employee generally is liable for an injury caused by his or her act or omission to the same extent as a private person and that, when the act or omission of a public employee occurs in the scope of employment the public entity employer will be vicariously liable for the injuries. Public entities are held liable for the negligence of their employees and supervisory employees, including DOES 1 through 50, in failing to properly hire, train, supervise, retain and oversee an employee of a public entity. Defendants the COUNTY, the LASD, and DOES 1 through 50 employees and supervisory employees, are also liable for failing to enforce its policies, procedures, customs and practices that would have prevented Defendant DOES 1 through 50 from engaging in his campaign of sexual assault, sexual misconduct, battery, threats, and intimidation against Plaintiff.

  50. Defendants the COUNTY, the LASD, and DOES 1 through 50's supervisory employees were negligent in hiring, supervising and retaining their employee Defendant DOES 1



through 50. Plaintiff is informed and believes, and thereon alleges, that before the sexual assault and/or sexual battery Defendant DOES 1 through 50, its supervisory employees, who were responsible for hiring, training, and/or supervising the employees of the Defendants, negligently hired, trained, supervised, employed, and/or managed Defendant DOES 1 through 50 and their negligence was a direct cause of Plaintiff's injuries, including sexual assault and/or battery, and the supervisory and administrative employees knew or, in the exercise of reasonable diligence, should have known, that Defendant DOES 1 through 50 was a dangerous and violent employee who should not have been a law enforcement officer. The negligence of the supervisory employees of the Defendants in hiring, supervising and/or retaining Defendant DOES 1 through 50 was a substantial factor in causing great bodily injury to the Plaintiff.

51. Defendants were also negligent because Defendant DOES 1 through 50 engaged in patterns and practices of conduct while on duty, using his color of authority, that placed Defendant the COUNTY, the LASD, and DOES 1 through 50 and its supervisory employees on notice that Defendant DOES 1 through 50 was unfit to serve as a law enforcement officer, and was a danger to female members of the public. Such improper law enforcement practices would have been observed by Defendants the COUNTY, the LASD, and DOES 1 through 50, had they used reasonable diligence.

52. As a direct and legal result of the acts and omissions of Defendants, and each of them, as alleged herein, Plaintiff suffered injuries including, but not limited to, physical and mental pain and suffering, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, in an amount not yet ascertained, but which exceeds the minimum jurisdictional limits of this Court.

### FOURTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS (BANE ACT)

**[California *Civil Code* Section 52.1]**

**(Against All Defendants)**

53. Plaintiff re-alleges and incorporates paragraphs 1 through 52 as if fully set forth herein.



54. This cause of action is brought pursuant to *California Civil Code* section 52.1. This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage, of rights, privileges, and immunities secured by the Constitution and laws of California including, but not limited to, the right to be free from violence and threats of violence.

55. During all times mentioned herein, Defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the COUNTY, the LASD, and DOES 1 through 50. Each of the Defendants, separately and in concert, deprived Plaintiff of the rights and privileges secured to her by the Constitution and laws of California as alleged herein.

56. Plaintiff is informed and believes, and thereon alleges, that on the date referenced herein, Defendant-assailant, DOES 1 through 50, a law enforcement officer, employee and agent, of the Defendants, COUNTY, the LASD, and DOES 1 through 50, and battered Plaintiff, while acting under color of law, within Defendant-assailant, DOES 1 through 50 course and scope of employment as a law enforcement officer, all of which constituted excessive, unjustifiable, and unreasonable force in violation of Plaintiff's civil rights, including her right to be free from violence and threats of violence as set for in the *California Civil Code*.

57. In addition to the above alleged conduct, Plaintiff was subjected to the above deprivations as a result of the failure of the COUNTY, the LASD, and DOES 1 through 50 to properly train Defendant-assailant DOES 1 through 50, and by its hiring and retention of Defendant-assailant, DOES 1 through 50, with a known propensity for violence, including sexual violence, all of which was indicative of a policy, practice, and custom of the COUNTY, the LASD, and DOES 1 through 50 to negligently hire law enforcement officer such as, and including, Defendant-assailant, DOES 1 through 50.

58. The facts alleged above are part of the customs, practices, policies, and decisions of Defendants the COUNTY, the LASD, and DOES 1 through 50, inclusive, including, but not limited to, the following:

    (a) Failing and refusing to establish or enforce administrative procedures and training to ensure safety of crime victims, detainees or arrestees;



(b) Failing and refusing to adequately discipline peace officers, like Defendant DOES 1 through 50 and others, for acts of abuse and misconduct, conduct that violated the LASD procedures or conduct unbecoming of a peace officer;

(c) Failing and refusing to impartially investigate citizen's complaints of alleged abuse or misconduct by peace officers;

(d) Covering up acts of peace officer misconduct or sanctioned a code of silence by officers commonly referred to as the "Blue Wall," which resulted in complaints of officer misconduct not being investigated or not being adequately and impartially investigated;

(e) Failing and refusing to adequately supervise the actions of peace officers under their control and guidance; and

(f) Allowing the "unwritten policy" to exist.

59. Further, Defendants the COUNTY, the LASD, and/or DOES 1 through 50 and its supervisory officials, based on information and belief:

(a) Knowingly, with gross negligence and with deliberate indifference of the constitutional rights of citizens, maintained and permitted an official policy and custom of permitting the occurrence of the types of wrongs alleged in this complaint and the complaints of other women;

(b) Maintained, fostered, condoned or else failed to correct wrongful conduct and, through this, created an official policy practice or custom of permitting the occurrence of the types of wrongs alleged in this complaint and the complaints of other women;

(c) Maintained, fostered or condoned policies and customs, including but not limited to, deliberate indifferent training of its peace officers about what constitutes unreasonable searches or seizures of citizens;

(d) Maintained, fostered or condoned policies and customs that included the express and/or tacit encouragement to its police officers to ignore unlawful conduct and/or to ratify police misconduct by failing to intercede when



-12-

COMPLAINT FOR DAMAGES

EXHIBIT A
17

unlawful conduct was underway and/or by making material omissions in police reports to prevent detection of unlawful conduct; and

(e) Maintained, fostered, condoned, or failed to conduct adequate investigations of peace officers' misconduct to prevent future misconduct from occurring.

60. The above acts or omissions of the Defendants, and each of them, were undertaken while under color of state law and resulted in the violation of Plaintiffs rights, as stated herein. Likewise, the customs, practices, policies, and decisions of Defendants, and each of them, as alleged herein and as applied to Plaintiff, resulted in the violation of Plaintiffs rights.

61. Despite the fact that Defendants the COUNTY, the LASD, and/or DOES 1 through 50, inclusive, knew or should have known that these acts, omissions, decisions, practices, customs, and policies, both formal and informal, were being carried out by its agents and employees, said Defendants, have taken no steps to acknowledge and prevent this course of misconduct, to make redress to this Plaintiff, nor take any action to discipline, reprimand, retrain, suspend, or otherwise penalize Defendant DOES 1 through 50 long after the COUNTY, the LASD, and/or DOES 1 through 50, inclusive, became aware of said misconduct. As such, Defendants COUNTY, the LASD, and/or DOES 1 through 50, inclusive, have ratified the wrongful conduct and customs resulting in violations of Plaintiff's civil rights.

62. Upon information and belief, Defendants COUNTY, the LASD, and/or DOES 1 through 50, inclusive, were aware of prior incidents of misconduct by Defendant or DOES 1 through 50 and yet failed to discipline him or report his misconduct to superior authorities. This failure by the Defendant COUNTY, the LASD, and/or DOES 1 through 50, inclusive, to intercede in the known pattern of misconduct of DOES 1 through 50, constituted ratification.

63. The rights and privileges secured to Plaintiff by the Constitution and laws of California were implicated by the wrongful conduct of the Defendants, and each of them, which proximately caused severe injuries to the Plaintiff. Plaintiff requests damages in an amount and manner to be shown according to proof at trial.

64.     As a further direct and proximate cause of the acts alleged herein, Plaintiff seeks attorneys' fees as provided for in *California Civil Code* Sections 52.1(b) and 52.1(h) in an amount and manner to be shown according to proof at trial.

65.     DOES 1 through 50, acted willfully, knowingly, with reckless disregard and callous indifference, and purposefully with the intent to deprive Plaintiff of her rights and privileges, and did, in fact, violate the aforementioned rights and privileges, entitling Plaintiff to exemplary damages pursuant to *California Civil Code Section* 52(b)(1) in an amount to be determined according to proof at the trial of this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants as follows:

1.     For compensatory damages and statutory damages for violation of the laws and Constitution of the United States in an amount to be determined at trial;

2.     For punitive damages against LASD Deputy Officer, DOES 1 through 50, pursuant to 42 U.S.C. § 1983, and any other applicable laws or statutes, in an amount sufficient to deter and make an example of each non-government entity Defendant;

3.     For prejudgment interest to be determined at trial;

4.     For reasonable costs of this suit and attorneys' fees, including attorneys' fees pursuant to 42 U.S.C. § 1988 and Civil Code §§ 52.1 and 52(b);

5.     Civil penalties and damages under Civil Code §§ 52.1 and 52(b); and

6.     For such further other relief as the Court may deem just, proper, and appropriate.

**DEMAND FOR JURY TRIAL**

The Plaintiff demands a trial by jury on all claims.

Dated: June 8, 2022                                              **DOLAN LAW FIRM, PC**

By: _____

Christopher B. Dolan, Esq.
Aimee E. Kirby, Esq.
Attorneys for Plaintiff

-14-

**COMPLAINT FOR DAMAGES**

**EXHIBIT A**
**19**